**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | Case No. 2:23-4633-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Hanna Ruth Wierenga and Connor Jackson Haas, | |
| Defendants. | |

This matter comes before the Court on a motion for summary judgment filed by Plaintiff. (Dkt. No. 36). Defendants filed a response in opposition and Plaintiff filed a reply. (Dkt. Nos. 39, 46). For reasons set forth below, the motion for summary judgment is denied.

### Factual Background

An automobile accident occurred on October 11, 2021 in which a vehicle driven by Defendant Connor Jackson Haas (hereafter "Connor") struck a vehicle driven by Defendant Hanna Ruth Wierenga (hereafter "Wierenga"). Connor was operating an automobile owned by his father, Donald Haas (hereafter "Donald") and for which Plaintiff State Farm Mutual Automobile Insurance Company (hereafter "State Farm") provided liability insurance coverage. Donald was the named insured and Connor was a covered insured under his father's policy. The State Farm policy provided up to $100,000 in bodily injury coverage and $100,000 in property damage coverage. (Dkt. No. 1 at ¶8).

Counsel for Wierenga wrote State Farm on December 29, 2021, demanding settlement from State Farm. The letter was described as a "Timed *Tyger River* Demand" (hereafter "TLD"). (Dkt. No. 36-1 at 2). The TLD had attached medical records and was supposed to include a ten-page medical bill, although apparently only one page of the medical bill was sent. (Dkt. No. 36 at

1

6-7). Plaintiff argues that Wierenga's counsel made two different time limited demands in the TLD: one requiring payment of $100,000 by January 5, 2022 and another requiring payment within 30 days of mailing. (Dkt. No. 36-1 at 4). Further, Plaintiff argues that the TLD demanded "your policy limits," which was $200,000 rather than $100,000. (*Id*.). A State Farm adjustor contacted Wierenga's counsel on January 12, 2022 and informed him that State Farm had received only one page of the medical bills. The adjustor further asked Wierenga's counsel for an extension of the time to respond to the demand letter, but he denied the request for an extension. (Dkt. No. 36 at 6-7).

Shortly thereafter, counsel for Connor and Donald advised Wierenga's counsel that State Farm would pay $100,000 in exchange for a release of both Connor and Donald. (Dkt. No. 36 at 7). Wierenga's counsel rejected the offer and subsequently filed suit on behalf of Wierenga in state court against Donald and Connor. Wierenga's offer included a release of only Connor and would have continued to leave Donald subject to suit. (*Id*. at 3). Connor subsequently executed a settlement agreement in which he agreed to execute a confession of judgment in favor of Wierenga for $2 million and agreed to assign his bad faith claim against State Farm to Wierenga. (*Id*. at 7-8).

State Farm filed this action on September 14, 2023, seeking a declaratory judgment that it had no duty to respond to the demand letter from Wierenga's counsel because of its internal inconsistencies and its requirement that it settle the claims against Connor only and leave its other insured, Donald, subject to suit. (Dkt. No. 1). Plaintiff thereafter filed a motion for summary judgment. (Dkt. No. 36). The matter is fully briefed and ripe for disposition.

**Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

South Carolina recognizes a cause of action for bad faith refusal to settle, which arises out of the implied covenant of good faith and fair dealing in every contract. This is a duty "the insurer owes its insured . . . to settle a personal injury claim covered by the policy, if settlement is a reasonable thing to do." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 377 S.E. 2d 343, 349 (S.C. 1988). Where there is a conflict between the interests of the carrier and the insured regarding settling a claim within policy limits, the insurance company is "bound, under its contract of indemnity, and in good faith, *to sacrifice its interests in favor of the* [insured]." *Tyger River Pine Co. v. Maryland Cas. Co.*, 170 S.E. 346, 348 (S.C. 1933). "The critical issue is whether there was

3

a reasonable basis" for the carrier's actions "when considering the best interest of the carrier's insured." *Vanderhall v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-518, 2015 WL 1507838-RMG, at *4 (D.S.C. Mar. 30, 2015). So long as there is sufficient evidence in support of a bad faith claim on which a rational factfinder could return a verdict for the insured, the determination of whether the carrier acted in bad faith is a fact question and is based on a totality of circumstances. *See Smith v. Maryland Cas. Co.*, 742 F. 2d 167, 170 (4th Cir. 1984).

### Discussion

Genuine disputes of material fact make disposition of this matter by summary judgment inappropriate. First, the parties dispute whether the TLD contained inconsistent material terms regarding payment. Plaintiff asserts that the TLD had two different amounts demanded, either $100,000 or $200,000. (Dkt. No. 36 at 5-6). The insurance policy at issue covered $100,000 for bodily injury and another $100,000 for property damage. (Dkt. No. 1 at ¶8). The first paragraph of the TLD demanded "One Hundred Thousand Dollars 00/100 ($100,000.00) for your policy *limits*." (Dkt. No. 1-1 at 3) (emphasis added). Plaintiff asserts that while one policy limit was $100,000, the combined limit referenced by the plural "limits" totaled $200,000. (Dkt. No. 36 at 5). Defendants counter that the payment terms were clear, and that the amount $100,000 was listed in bold. (Dkt. No. 39 at 8).

Second, the parties dispute whether the TLD contained inconsistent terms regarding the deadline to respond. Plaintiff asserts that the TLD contained two deadlines. One section stated that the offer would expire at 5:00 p.m. on January 5, 2022. Another section stated that payment of the demand could be made within thirty days of the mailing of the TLD. (Dkt. No. 1-1 at 3). In support of this assertion, Plaintiff deposed the author of the TLD who agreed the time frames

in the TLD were inconsistent. (Dkt. No. 36 at 5). Defendants counter that the time limit was laid out with reasonable certainty.

Third, the parties dispute State Farm's reasons for not accepting the TLD. Plaintiff asserts that—in addition to the asserted ambiguities—the TLD did not release one of its insured, Donald, from liability and therefore would not give rise to a duty to accept under the *Tyger River* doctrine. (Dkt. No. 36 at 15). *See Tyger River Pine Co. v. Maryland Cas. Co*., 170 S.C. 286 (1933). The record suggests that Wierenga's counsel intended to force State Farm to make this Hobson's Choice between its two insureds. The question is whether State Farm acted reasonably in declining to sacrifice one of its insured for the benefit of another. Defendant argues that the reasonableness of State Farm's conduct is in dispute. This issue, whether a carrier under these circumstances has the duty to accept a settlement which releases one of its insured but not another, is a matter which has not been squarely addressed under South Carolina law. In light of the factual disputes of the parties and the duty of this Court when ruling on a summary judgment motion—to view all facts in a light most favorable to the nonmoving party—the Court finds that the proper course is to develop a full record on this matter, with the Court's ability to evaluate the credibility of witnesses, before making a decision on the merits.

## Conclusion

Based on the foregoing, the Court denies Plaintiff's motion for summary judgment. (Dkt. No. 36). The Court will soon set a trial date for a bench trial in this matter.

**AND IT IS SO ORDERED**.

 s/Richard M. Gergel
Richard Mark Gergel
United States District Court

September 30, 2025
Charleston, South Carolina