# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | Case No. 2:23-4633-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Hanna Ruth Wierenga and Connor Jackson Haas, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 66). Plaintiff has filed a memorandum in opposition and Defendants have filed a reply. (Dkt. Nos. 69, 71). For reasons set forth below, the motion for summary judgment is denied.

**Factual Background**

An automobile accident occurred on October 11, 2021, in which a vehicle driven by Defendant Connor Jackson Haas (hereafter "Connor") struck a vehicle driven by Defendant Hanna Ruth Wierenga (hereafter "Wierenga"). Connor was operating an automobile owned by his father, Donald Haas (hereafter "Donald") and for which Plaintiff State Farm Mutual Automobile Insurance Company (hereafter "State Farm") provided liability insurance coverage. Donald was the named insured, and Connor was a covered insured under his father's policy. The State Farm policy provided up to $100,000 in bodily injury coverage and $100,000 in property damage coverage. (Dkt. No. 1 at ¶8).

Counsel for Wierenga wrote State Farm on December 29, 2021, demanding settlement from State Farm. The letter was described as a "Timed *Tyger River* Demand" (hereafter "TLD"). (Dkt. No. 36-1 at 2). The TLD attached medical records and was supposed to include a ten-page medical bill, although apparently only one page of the medical bill was sent. (Dkt. No. 36 at 6-7).

1

State Farm argues that Wierenga's counsel made two different time limited demands in the TLD: one requiring payment of $100,000 by January 5, 2022, and another requiring payment within 30 days of mailing. (Dkt. No. 36-1 at 4). Further, State Farm argues that the TLD demanded "your policy limits," which was $200,000, rather than $100,000. (*Id*.).

A State Farm adjustor contacted Wierenga's counsel on January 12, 2022, and informed him that State Farm had received only one page of the medical bills. The adjustor further asked Wierenga's counsel for an extension of the time to respond to the demand letter, but Wierenga's counsel denied the request for an extension. (Dkt. No. 36 at 6-7).

Shortly thereafter, counsel for Connor and Donald advised Wierenga's counsel that State Farm would pay $100,000 in exchange for a release of both Connor and Donald. (Dkt. No. 36 at 7). Wierenga's counsel rejected the offer and subsequently filed suit on behalf of Wierenga in state court against Donald and Connor.

State Farm asserts that Wierenga's December 29, 2021, TLD included a release of only Connor and would have continued to leave Donald subject to suit. (*Id*. at 3). Connor subsequently executed a settlement agreement in which he agreed to execute a confession of judgment in favor of Wierenga for $2 million and agreed to assign his bad faith claim against State Farm to Wierenga. (*Id*. at 7-8).

State Farm previously moved for summary judgment as a matter of law on the question of whether the TLD "gave rise to a duty to accept the demand under *Tyger River Pine Co. v. Maryland Cas. Co.*, 170 S.E. 346 (S.C. 1933)." (Dkt. No. 36 at 1). The Court, by order dated September 30, 2025, denied State Farm's motion for summary judgment. (Dkt. No. 62). The Court found that there were genuine disputes of material fact that made summary judgment inappropriate. This included the issue of whether "State Farm acted reasonably in declining to sacrifice one of its

insureds for the benefit of another." (*Id*. at 5).  This referred to State Farm's assertion that the TLD had the effect of releasing the alleged at fault driver, Connor, but did not provide a release to Donald, Conor's father, the vehicle's owner.

The present summary judgment motion, this time filed by Defendants, argues that State Farm failed to consult counsel about the effect of its proposed covenant not to execute in favor of Connor before rejecting the TLD.  Defendants contend that, had State Farm consulted counsel, it would have discovered that under *Andrade v. Johnson*, 546 S.E.2d 665 (S.C. App. 2001), both Connor and Donald would have effectively been released from any future liability.  (Dkt. No. 66-1 at 2).  State Farm disputes the Defendants' interpretation of *Andrade* and asserts that "[n]o reasonable attorney could conclude that *Andrade* conclusively protected Donald from liability." (Dkt. No. 69 at 2).  State Farm further asserts that Defendants' present argument is inconsistent with the TLD's author, Attorney David Miller, counsel for Ms. Wierenga, who testified that had State Farm accepted the TLD, "Ms. Wierenga would still be able to sue Donald Haas." (Dkt. No. 69 at 3).

## Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)).  The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, *Inc.*, 369

U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

South Carolina recognizes a cause of action for bad faith refusal to settle, which arises out of the implied covenant of good faith and fair dealing in every contract. This is a duty the "insurer owes its insured . . . to settle a personal injury claim covered by the policy, if settlement is a reasonable thing to do." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 377 S.E. 2d 343, 349 (S.C. 1988). Where there is a conflict between the interests of the carrier and the insured regarding settling a claim within policy limits, the insurance company is "bound, under its contract of indemnity, and in good faith, *to sacrifice its interests in favor of the* [insured]." *Tyger River Pine Co. v. Maryland Cas. Co.*, 170 S.E. 346, 348 (S.C. 1933). "The critical issue is whether there was a reasonable basis" for the carrier's actions "when considering the best interest of the carrier's insured." *Vanderhall v. State Farm Mut. Auto. Ins. Co.*, No. 4:14-518-RMG, 2015 WL 1507838, at *4 (D.S.C. Mar. 30, 2015). So long as there is sufficient evidence in support of a bad faith claim on which a rational factfinder could return a verdict for the insured, the determination of whether the carrier acted in bad faith is a fact question and is based on a totality of circumstances. *See Smith v. Maryland Cas. Co.*, 742 F. 2d 167, 170 (4th Cir. 1984).

## Discussion

The Defendants' motion for summary judgment is denied for some of the same reasons the Court denied State Farm's summary judgment motion. Defendants argue that State Farm acted

unreasonably and in bad faith in failing to accept the TLD. State Farm asserts that it acted reasonably in declining to accept the TLD because "[n]o reasonable attorney could conclude that *Andrade* conclusively protected Donald from liability." (Dkt. No. 69 at 11) (noting, for example, that Defendants' conclusion "would be the opposite of Wierenga's counsel's belief when he wrote the TLD"). Whether State Farm acted reasonably in rejecting the TLD is a question of fact based on a totality of circumstances. The Court has a duty when presented with a motion for summary judgment to view the facts in a light most favorable to the non-moving party, in this case State Farm. Measured by this standard, there are obviously material factual disputes that must be resolved at trial on the merits.

## Conclusion

For the reasons stated above, Defendants' motion for summary judgment (Dkt. No. 66) is **DENIED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Court

December 11, 2025
Charleston, South Carolina